IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **ROBERT WELTER et al.,** | |
| **Plaintiffs,** | |
| v. | Case No. 24-CV-00479-SEH-SH |
| **UPONOR NORTH AMERICA, INC. et al.,** | |
| **Defendant.** | |

## **OPINION AND ORDER**

Before the Court is the Joint Motion to Stay Proceedings to Engage in Settlement Discussions. [ECF No. 19]. The Parties represent that they are actively engaged in settlement negotiations and that they wish to focus their efforts on resolution. To that end, the Parties request a stay of these proceedings. The Parties further request that the Court delay ruling Defendant Uponor, Inc.'s Motion to Compel Arbitration or, Alternatively, Motion to Dismiss Plaintiffs' Complaint [ECF No. 9] during settlement negotiations, and that Plaintiff's response deadline be re-set for 21 days after the stay is lifted if the Parties cannot settle the matter.

District courts have inherent power to manage their dockets, and "the power to stay proceedings is incidental to" that power. *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). The party requesting a stay carries the burden of establishing that a stay is needed. *Clinton v. Jones*, 520 U.S.

681, 708 (1997). The decision to stay a case fall with the court's discretion, but factors to consider include: "[1] whether the [party requesting a stay is] likely to prevail in the related proceeding; [2] whether, absent a stay, [they] will suffer irreparable harm; [3] whether the issuance of a stay will cause substantial harm to the other parties to the proceeding; and [4] the public interests at stake." *United Steelworkers of America v. Oregon Steel Mills, Inc.*, 322 F.3d 1222, 1227 (10th Cir. 2003).

The Court has weighed all of the above-listed factors along with the circumstances presented by this case, and it finds that a brief stay to allow the parties to focus their efforts on settlement negotiations is appropriate. Therefore, the Court hereby STAYS this action until the parties can participate in a judicial settlement conference. A settlement conference is currently set for January 28, 2025, but the stay in this matter shall remain in effect if the judicial settlement conference is rescheduled for any reason. The stay in this matter shall not prohibit the Parties from taking all action that is reasonably necessary to fully participate in settlement negotiations and the judicial settlement conference.

If this case is settled during the period of the stay, the parties are hereby ORDERED to immediately notify the Court. If this case is not settled during the period of the stay, Plaintiffs must respond to Defendant Uponor, Inc.'s Motion to Compel Arbitration or, Alternatively, Motion to Dismiss Plaintiffs'

Complaint [ECF No. 9] within 21 days of the conclusion of an unsuccessful judicial settlement conference. The Court will set additional scheduling deadlines as needed upon completion of the judicial settlement conference.

IT IS SO ORDERED this 2nd day of December, 2024.

                                         *Sara Hill*
                                         Sara E. Hill
                                         UNITED STATES DISTRICT JUDGE